Per Curiam.

Is the annual rate of return of 5.4 per cent allowed by a majority of the Public Utilities Commission unreasonable or unlawful as contended by both the city and the company, each, of course, for different reasons?
The city still insists that the ordinance rate of 3.6 per cent is reasonable and lawful while the company wants a minimn-m rate of 6.3 per cent per annum.
The majority of the commission rendered the following ultimate findings:
“ (1) That the appeals of The Dayton Power & Light Company from ordinance No. 19093 and ordinance No. 19094 of the city of Dayton, Ohio, passed July 7, 1958, are duly filed pursuant to Section 4909.34 of the Revised Code and that this commission has jurisdiction thereof;
“ (2) That the date certain for purposes of these proceedings is June 30, 1957;
“(3) That the statutory rate base valuation is $21,900,980 as of the date certain, June 30, 1957;
‘ ‘ (4) That at the ordinance rates, the annual rate of return of 3.6 per cent is insufficient to yield reasonable compensation for the service rendered;
“(5) That the fair annual rate of return for purposes of these proceedings is 5.4 per cent;
“ (6) That the allowable dollar annual return is $1,182,653;
“ (7) That the allowable expenses, including taxes and depreciation charges are $11,198,633; and
“(8) That the allowable gross annual revenue is $12,-381,286.”
A study of the record and briefs discloses 39 assignments *162 of error, 7,000 pages of evidence taken during 57 days of hearing, 384 pages of briefs, and 40 pages of majority, concurring and dissenting opinions by members of the Public Utilities Commission.
One result of the study of this mass of material is that the court finds no respect in which the order of the commission is unlawful. The principles of law involved have been discussed and applied by this court in numerous cases.
The remaining question is whether the order is unreasonable as contended by both the city and the company.
To reach this conclusion it would be necessary for the court to base its finding on irreconcilably conflicting opinion testimony of expert witnesses couched in terms understandable chiefly to each witness alone and amounting to no more than a sheer guess. The members of this court are neither accountants nor engineers, and manifestly it would be unfair to the litigants and to the commission for the court to pretend that it is in a position to better evaluate the evidence and determine the difficult question of the reasonableness of the order than is the commission.
The following pertinent comment was made by Justices Stone, Brandéis and Cardozzo in their dissenting opinion in the case of West v. Chesapeake & Potomac Telephone Co., 295 U. S., 662, at page 689:
“In assuming the task of determining judicially the present fair replacement value of the vast properties of public utilities, courts have been projected into the most speculative undertaking imposed upon them in the entire history of English jurisprudence. ’ ’
The order of the commission is affirmed.

Order affirmed.

Weygandt, C. J., Zimmerman, Matthias and Grieeith, JJ., concur.
Taet, J., concurs in the judgment.
O’Neill, J., dissents.